UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISIDRO HUERTA-MENDEZ,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX,

Respondent.

No. 1:26-cv-05544-DAD-AC (HC)

<u>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT</u>

(Doc. Nos. 1, 2)

On July 17, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for immediate release (Doc. No. 2), which the court construed as a motion for temporary restraining order. *See* (Doc. No. 5.) On July 22, 2026, the court set a briefing schedule on the pending motion and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) Respondents were further directed to state any opposition that they had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of their position in this regard in their opposition. (*Id.*)

On July 22, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 6.) In that opposition, respondents state that they "preserve their position is that Petitioner is subject to the mandatory pre-order detention statute, 8 U.S.C. § 1225(b)[]" and that because "Petitioner entered the United States illegally" he "is thus an 'applicant for admission' who is subject to mandatory detention." (*Id.* at 2.) Respondents also state that if the court concludes that petitioner is subject to § 1226(a), his detention remains lawful under that statutory provision but, confusingly, also contend that petitioner "remains an applicant for admission under 8 U.S.C. § 1225(a)(1)." (*Id.*) Respondents further "request to submit on [their opposition] without additional documentation beyond the attachments provided and request that the Court rule on the Petition in its entirety." (*Id.*)

Based on the parties' briefing, the court finds the following facts. Petitioner is a native of Mexico who last entered the United States at an unknown date and without inspection. (Doc. Nos. 1 at 8; 6-1 at 1.) He was previously granted employment authorization through 2022. (Doc. No. 1 at 8.) On or about June 27, 2026, ICE officers initiated a vehicle stop of a car that petitioner was driving and arrested him after determining that he did not have "any legal documentation allowing him to lawfully be present in the United States." (Doc. No. 6-1 at 2.) At some point thereafter, petitioner requested a custody redetermination hearing before an immigration judge ("IJ"), but the IJ denied the request as moot because petitioner's case was being transferred to Adelanto, California. (Doc. No. 6-3 at 1.) The IJ further stated in the order that "Adelanto will schedule a new custody hearing[]" (*id.*), but there is no indication that any such hearing has been set.

Pursuant to the reasoning set forth in *Quichimbo-Jimenez v. Warden, Cal. City Corr. Ctr.*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026), the court concludes that petitioner can only be detained pursuant to 8 U.S.C. § 1226(a), not § 1225(b). To the extent that respondents' unclear statements regarding § 1226(a) constitutes an alternative argument that petitioner is lawfully detained pursuant to § 1226(a), the court rejects that argument. The evidence before the court does not indicate the ICE agents arrested petitioner pursuant to a warrant during that traffic stop on June 27, 2026. Because petitioner is subject to

§ 1226(a) detention, arresting him without a warrant is unlawful. *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention section 1226(a). Section 1226(a) plainly states: "*On a warrant issued by the Attorney General*, a[ ] [noncitizen] may be arrested and detained . . . ." As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a).") (internal citations omitted), *appeal dismissed sub nom. Lema v. Scott*, No. 25-2061, 2025 WL 4704856 (1st Cir. Dec. 17, 2025), and *appeal dismissed sub nom. Tamay v. Scott*, No. 25-2060, 2025 WL 4710332 (1st Cir. Dec. 19, 2025), and *appeal dismissed sub nom. Chafla v. Scott*, No. 25-2059, 2026 WL 1230592 (1st Cir. Jan. 26, 2026). Under these circumstances, it appears clear that petitioner was arrested without a warrant. Accordingly, the appropriate remedy is to order his immediate release. *A.E.R.T. v. Wofford*, No. 1:25-cv-01824-KES-SKO (HC), 2025 WL 3645297, at *2 (E.D. Cal. Dec. 16, 2025) ("When the government detained petitioner, it also did not comply with the terms of 8 U.S.C. § 1226(a), and there is no evidence in the record that petitioner was arrested pursuant to a warrant as required by § 1226(a). Petitioner's immediate release is the appropriate remedy.").[1]

For the reasons above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner Isidro Huerta-Mendez, A-File No. 201-943-826, from respondents' custody;

/////

/////

/////

/////

[1] The court observes that respondents have also indicated that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing" (Doc. No. 6 at 1), but fail to provide any legal authority or substantive explanation to support that assertion. The court finds respondents' position to be unpersuasive in this regard because the analysis above compels petitioner's immediate release.

b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge at which hearing the burden will be set in accordance 8 U.S.C. § 1226 (a) and its implementing regulations;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him *habeas* relief;

3. The Clerk of the Court is directed to serve the Golden State Annex Detention Facility with a copy of this order; and

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **July 23, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE